Case 3:18-cv-12350-MAS-DEA   Document 1   Filed 08/02/18   Page 1 of 17 PageID: 1

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962
(973) 993-8100
Attorneys for Plaintiff,
Symetra Life Insurance Company

| | |
|---|---|
| SYMETRA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JJK 2016 INSURANCE TRUST,<br><br>Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.: |

## CIVIL ACTION – COMPLAINT ON BEHALF OF
## SYMETRA LIFE INSURANCE COMPANY

Symetra Life Insurance Company ("Symetra"), by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Complaint against the defendant, the JJK 2016 Insurance Trust (the "Trust") alleges and says:

### INTRODUCTION

1. At all relevant times, Symetra is an insurance company organized and existing under the laws of the State of Washington, with its principal place of business located at 777 108th Avenue NE, Suite 1200, Bellevue, Washington 98004-5135.

2. Symetra brings this action against the Trust to have two policies of life insurance, insuring the life of Joseph J. Krivulka, deceased (the "Decedent"), declared null and void and rescinded, *ab initio*, because the Decedent knowingly and intentionally made material

misstatements and omissions in applying for the policies.

## THE PARTIES

3. Symetra is, and during all times relevant has been, in the business of underwriting policies of life insurance and is authorized to transact the business of insurance in the State of New Jersey.

4. The Trust was established through the execution of a Trust Agreement on August 4, 2016, by and between the Decedent, as Grantor, who maintained a residence and domicile at 3 Bucks Mill Lane, Holmdel, New Jersey 07733, and Michael J. Lerner, as the Trustee (the "Trustee"), who maintains a business address of Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068. The Trust is a resident of and domiciled in, the State of New Jersey.

## JURISDICTION AND VENUE

5. This Court possesses subject matter jurisdiction based upon diversity of citizenship of the within parties pursuant to 28 U.S.C. § 1332.

6. Symetra is a citizen of the State of Washington within the meaning and intent of 28 U.S.C. § 1332.

7. The Trust is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

8. There is complete diversity of citizenship between the parties to this action pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.00, exclusive of interest and costs of suit.

9. Venue in the United States District Court for the District of New Jersey is proper, because the acts giving rise to the controversy took place in New Jersey within the meaning and intent of 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**Application for and Issuance of the Policies of Life Insurance**

10. On July 22, 2016, the Decedent, as the named insured, and the Trustee, on behalf of the Trust, as the proposed owner, executed an Individual Life Insurance Application, Part I and Financial Information Supplement to Part I Application seeking the issuance of two flexible premium adjustable life insurance policies, bearing policy nos. AA6114869 and AA6120468 (collectively, the "Life Policies"). On July 22, 2016 and August 5, 2016, the Decedent executed an Individual Life Insurance Application Part II seeking the issuance of the Life Policies. On July 22, 2016, the Trustee executed a Trust Certification seeking the issuance of the Life Policies (hereinafter referred to collectively as the "Application"). The Application is fully incorporated by reference as if same were set forth at length herein. The Trust is named as both the owner and beneficiary in the Application.

11. In executing the Application, the Decedent knew that he was required to provide complete, truthful, accurate and honest answers to the questions present on the Application, including medical history, physical condition, diagnosis, prognosis and treatment.

12. In executing the Application, the Decedent knew that Symetra would rely upon the answers recorded thereon in determining whether the Decedent was insurable and otherwise qualified for the Life Policies applied for by the Decedent, Trust and Trustee.

13. In executing the Application, the Decedent knew that he may be subject to civil and criminal penalties in the event they knowingly made any false or misleading statements in

3

order to obtain the Life Policies.

14. In executing the Application, the Decedent knew he was required to notify Symetra of any material change in his health and insurability during the underwriting of the Life Policies and prior to the issuance and delivery of the Life Policies and the payment of the first modal premium.

15. In executing the Application, the Decedent and Trustee, acting on behalf of the Trust, applied for two flexible premium adjustable life insurance policies containing a face amount death benefit of $15,000,000 and $10,000,000, respectively.

16. In completing and executing Part I of the Application on July 22, 2016, Decedent and the Trustee, on behalf of the Trust, specifically represented, acknowledged and agreed:

> I (We) agree that all statements and answers recorded on this application are true and complete to the best of my/our knowledge and belief and shall form a part of any policy issued. I have also read the Temporary Life Insurance Agreement. (Maximum Temporary Insurance Coverage is $250,000).
>
> **Any person who knowingly presents a false statement in an application for insurance may be guilty of a criminal offense and subject to penalties under state law.**

17. In completing and executing Part II of the Application on July 22, 2016 and August 5, 2016, Decedent specifically represented, acknowledged and agreed:

> I represent that the statements and answers given in the application are true, complete and correctly recorded to the best of my knowledge and belief and shall form a part of any policy issued. I agree that: (1) I will notify the Insurer if any statement or answer given in the Application changes prior to policy delivery; and (2) except as provided in the Temporary Insurance Application and Agreement, if any, insurance will not begin unless all persons proposed for insurance are living and insurable as set forth in the application at the time a policy is delivered to the Owner and the first modal premium is paid.

**FRAUD NOTICE**: Any person who knowingly presents a false statement in an application for insurance may be guilty of a criminal offense and subject to penalties under state law.

18. In completing and executing the Application Part II, Medical History, seeking the issuance of the Life Policies, Decedent provided the following answers to the questions contained therein:

    1. PROPOSED INSURED INFORMATION

\* \* \*

Doctor Name: █████████

\* \* \*

    3. MEDICAL QUESTIONS

Give complete details of all "yes" answers in the DETAILS section. Please identify question number and include diagnosis, dates, duration, treatments and medications prescribed and names/addresses of all physicians and hospitals. If you need additional room, please attach on a separate piece of paper.

    **(a) Within the past 10 years have you ever been treated, or been advised to be treated, by a member of the medical profession for:**

        iv) Cancer, lymphoma, leukemia, melanoma, cysts or tumor of any kind, malignant or benign? █

\* \* \*

        ix) Disease or disorder of the prostate, testicle, breast, cervix, uterus, kidney or urinary bladder? █

\* \* \*

    **(b) Within the past 5 years have you had:**

        i) any surgery or admission to health care facility for treatment or observation for any illness, disease or accident? █

    ii) Any additional testing such as EKG's, laboratory testing (excluding testing for the AIDS virus) or x-rays whether as an inpatient or outpatient? ■

\* \* \*

**(e) Within the last 24 months, have you:**

    ii) Consulted, or been examined or treated by any physician, chiropractor, psychologist or other health care practioner or by any hospital, clinic, or other health care facility not already disclosed on this application? (If it was for a "check up", annual physical, employment physical, etc., so state and give findings and results.) ■

\* \* \*

**DETAILS**: For any additional details and "yes" answers to the questions in section 2 and 3, please provide details here:

A i) ■
A ii) ■
A iii) ■
A iv) ■
B ii) ■

19. On the basis of the statements and representations contained in the Application, and in reliance upon Decedent's complete answers, candor, honesty and openness in disclosing information in response to the questions presented on the Application, Symetra issued two flexible premium adjustable life insurance policies bearing policy no. AA6120468 with a face amount of $10,000,000 rated Table C and policy no. AA6114869 with a face amount of $15,000,000 rated Table D. Both policies of insurance had an original issue date of August 9, 2016, and were subject to the delivery requirements and payment of the first modal premium.

20. The Life Policies were later reissued based upon the Trustee's request that the premium mode be changed from annually to quarterly.

21.  On September 21, 2016, Symetra received the first modal premium required with the new illustration based upon the quarterly billing mode rather than in the originally illustrated manual mode.

22.  On November 2, 2016, Symetra received a request and agreed to issue the Life Policies with an effective date of September 21, 2016.

23.  Both Life Policies expressly set forth the following provisions:

**2. GENERAL PROVISIONS**

**2.1 The Entire Contract**

This Policy is Our contract with You. We issue this Policy in consideration of Your Application and payment of the Initial Premium.

The entire contract is made up of this Policy, attached copies of the Application(s), including an questionnaires for issuance or reinstatement of the Policy, and attached copies of all coverage descriptions, endorsements, amendments, riders, and Policy change forms.

\* \* \*

**2.2 Change of Contract**

Only our President, Secretary, Vice President or Assistant Secretary to modify this Policy or waive any of Our rights or requirements under it. The person making these changes must put them in writing and sign them.

**2.3 Coverage Effectiveness**

Coverage will take effect and be in force on the later of the Issue Date or the date the Initial Premium is received in good order at our Administrative Order. In some riders and supplemental benefits, the date of coverage effectiveness is referred to as the "Effective Date" or the "Policy Effective Date."

\* \* \*

**2.6 Incontestability**

We have the right to contest the validity of this Policy and any Policy rider based upon material misrepresentations made in the initial application, in subsequent application attached to the Policy, or in any amendment or endorsement to the applications. With respect to each insured, covered under this Policy, coverage under this Policy will be incontestable after it has been in effect during the life time of that Insured for two years.... The contestability period will not, however, be limited in the case of fraud and the procurement of a Policy... when submitted by applicable law in the state where the Policy is delivered or issued for delivery, or in the case of non-payment of the premium.

24. The Decedent died on February 17, 2018, due to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

25. Following notice of Decedent's death, and during the course of Symetra's investigation, Symetra discovered, for the first time, that the representations and statements made by Decedent in the Application were materially false; that Decedent knowingly and intentionally failed and omitted to disclose material facts; and otherwise knowingly and intentionally failed to accurately, honestly and/or truthfully disclose material information in response to the questions present on the Application which, if disclosed, Symetra would have declined to issue the Life Policies as applied for.

26. Specifically, and by way of illustration only, Decedent knowingly and intentionally made misstatements of fact, failed, refused and omitted to disclose material facts, and otherwise failed to correctly answer and disclose:

> a. On ▓▓▓▓▓▓▓▓, Decedent received a physical examination from the ▓▓▓▓▓▓▓▓▓▓▓▓ and underwent numerous diagnostic tests and lab work. In the ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ 17-page summary of the visit, it is noted that a CT was performed with results including a possible ▓▓▓▓▓▓ measuring ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and ▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Recommendations including obtaining a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ consultation▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

b.  On ▇▇▇▇▇ Decedent received another physical examination at ▇▇▇▇▇ and follow-up to the ▇▇▇▇▇ visit. Additional diagnostic tests and lab work was completed. The report of this visit indicates a ▇▇▇ was pending, and no results or findings were within the records provided to Symetra.

c.  On ▇▇▇▇▇ Decedent underwent a ▇▇▇▇▇ at ▇▇▇▇▇. During the ▇▇▇▇▇ exam, Decedent underwent ▇▇▇▇▇ Findings from the ▇▇▇▇▇ included, ▇▇▇▇▇ It was also noted that a ▇▇▇▇▇ ound in the ▇▇▇▇▇ Recommendations included obtaining an ▇▇▇▇▇ for further evaluation and ▇▇▇ for further evaluation of the ▇▇▇▇▇ or a close follow-up.

27.  Given the medical history outlined above, it was evident that the Decedent should have answered "Yes" to the Medical Questions on Part II of the Application as set forth above. In addition, with respect to every "yes" answer, the "DETAILS" section of the Application required that the Decedent to "identify the question number and include diagnosis, dates, duration, treatment and medication prescribed and names/addresses of all physicians and hospitals." Decedent should have disclosed his treatment for lung and kidney cysts, the additional tests completed, and the physicals performed at ▇▇▇▇▇ on ▇▇▇▇▇.

28.  Records received from ▇▇▇▇▇ also demonstrated that as Decedent was signing Part II of the Application of ▇▇▇▇▇, he was scheduled to be seen on ▇▇▇▇▇, for another ▇▇▇▇▇. With respect to that exam at the ▇▇▇▇▇, Decedent knowingly and intentionally made

9

misrepresentations of a facts and failed, refused and omitted to disclose material facts which included:

    a. on ▉▉▉▉▉, he had ▉▉▉▉▉▉▉▉▉▉▉▉ including an ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

    b. the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ from this visit was compared to the ▉▉▉▉▉▉▉, and the impression was stated to include, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

    c. during this examination, it was recommended that Decedent obtain an ▉▉▉ evaluation from a ▉▉▉▉▉▉ and the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

29. Subsequent to the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, Decedent received treatment and/or an examination at ▉▉▉▉▉▉▉▉▉▉ as early as ▉▉▉▉▉▉, at which time a ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ performed.

30. Decedent was admitted to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ to ▉▉▉▉▉▉▉, at which time Decedent underwent a ▉▉▉▉▉▉ and was ▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉.

31. Decedent sought treatment, consultation and/or examination from the ▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ commencing as of ▉▉▉▉▉▉▉ The ▉▉▉▉▉▉▉▉ records from the ▉▉▉▉▉ state that the reason for the consultation was ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉.

32. On ▉▉▉▉▉▉▉▉▉ Decedent's diagnosis was changed to ▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉.

33. Despite all of the testing and treatment, consultations and diagnoses occurring prior to the effective date or payment of the first modal premium (with the exception of the

ultimate diagnosis of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ which occurred five days later), none of this information was provided to Symetra, either at the time of the Application, nor at any time prior to the Life Policies effective date of September 21, 2016 and the payment of the first modal premium on September 21, 2016.

34. In correspondence dated August 1, 2018, Symetra advised the Trustee that it formally declared the rescission, *ab initio*, of the Life Policies and issued a check representing a refund of all premiums paid to Symetra.

35. Symetra has no adequate remedy at law, and therefore seeks that the Life Policies be declared null and void and rescinded, *ab initio*.

36. Symetra has no adequate remedy at law, and therefore seeks that the conditions precedent to the effectiveness of the Life Policies be specifically enforced, and the Life Policies declared null and void.

## FIRST COUNT

37. Symetra repeats and realleges the allegations contained in paragraphs 1 through 36 of the complaint as if set forth herein at length.

38. As is set forth more fully in the preceding paragraphs, Decedent knowingly and intentionally misrepresented, concealed and/or failed to disclose his complete medical history, including consultations with physicians and providers, testing, treatment and diagnosis he had received when he completed the Application seeking the issuance of the Life Policies.

39. Decedent made false material misrepresentations of presently existing or past facts when he completed the Application seeking the issuance of the Life Policies.

40. Symetra relied on the false material misrepresentations of Decedent and issued the Life Policies of life insurance.

41. Symetra has no adequate remedy at law, and therefore seeks that the Life Policies be declared null and void and rescinded, *ab initio*.

WHEREFORE, Symetra demands judgment against the Trust for relief more particularly described as follows:

(a) an order declaring and adjudging the Life Policies bearing policy nos. AA6120468 and AA6114869 to be null and void and rescinded, *ab initio*; and

(b) an order awarding pre-judgment interest, post-judgment interest, costs of suit, reasonable attorney fees and such other relief the Court deems equitable and just.

## SECOND COUNT

42. Symetra repeats and realleges the allegations contained in paragraphs 1 through 41 of the complaint as if set forth herein at length.

43. Decedent knowingly, negligently and/or innocently made material misstatements of fact; failed to disclose material facts in response to the questions presented on the insurance Application; and otherwise failed, refused and/or omitted to disclose material facts, all of which as aforesaid.

44. Symetra has no adequate remedy at law, and therefore seeks that the Life Policies be declared null and void and rescinded, *ab initio*.

WHEREFORE, Symetra demands judgment against the Trust for relief more particularly described as follows:

(a) an order declaring and adjudging the Life Policies bearing policy nos. AA6120468 and AA6114869 to be null and void and rescinded, *ab initio*; and

(b) an order awarding pre-judgment interest, post-judgment interest, costs of suit, reasonable attorney fees and such other relief the Court deems equitable and just.

## THIRD COUNT

45. Symetra repeats and realleges the allegations contained in paragraphs 1 through 44 of the complaint as if set forth herein at length.

46. Symetra issued the Life Policies pursuant to, and in accordance with, a mistake of fact, all of which as aforesaid.

47. Symetra has no adequate remedy at law, and therefore seeks that the Life Policies be declared null and void and rescinded, *ab initio*.

WHEREFORE, Symetra demands judgment against the Trust for relief more particularly described as follows:

(a) an order declaring and adjudging the Life Policies bearing policy nos. AA6120468 and AA6114869 to be null and void and rescinded, *ab initio*; and

(b) an order awarding pre-judgment interest, post-judgment interest, costs of suit, reasonable attorney fees and such other relief the Court deems equitable and just.

## FOURTH COUNT

48. Symetra repeats and realleges the allegations contained in paragraphs 1 through 49 of the complaint as if set forth herein at length.

49. The Life Policies explicitly provide:

> **2. GENERAL PROVISIONS**
>
> **2.1 The Entire Contract**
>
> This Policy is Our contract with You. We issue this Policy in consideration of Your Application and payment of the Initial Premium.
>
> The entire contract is made up of this Policy, attached copies of the Application(s), including an questionnaires for issuance or reinstatement of the Policy, and attached copies of all coverage descriptions, endorsements, amendments, riders, and Policy change forms.

\* \* \*

### 2.2 Change of Contract

Only our President, Secretary, Vice President or Assistant Secretary to modify this Policy or waive any of Our rights or requirements under it. The person making these changes must put them in writing and sign them.

### 2.3 Coverage Effectiveness

Coverage will take effect and be in force on the later of the Issue Date or the date the Initial Premium is received in good order at our Administrative Order. In some riders and supplemental benefits, the date of coverage effectiveness is referred to as the "Effective Date" or the "Policy Effective Date."

\* \* \*

### 2.6 Incontestability

We have the right to contest the validity of this Policy and any Policy rider based upon material misrepresentations made in the initial application, in subsequent application attached to the Policy, or in any amendment or endorsement to the applications. With respect to each insured, covered under this Policy, coverage under this Policy will be incontestable after it has been in effect during the life time of that Insured for two years…. The contestability period will not, however, be limited in the case of fraud and the procurement of a Policy… when submitted by applicable law in the state where the Policy is delivered or issued for delivery, or in the case of non-payment of the premium.

50. On the date the Life Policies were delivered and accepted and the first modal premium paid, there had been a material and substantial change in the Decedent's health from that represented on the Application and the Decedent was not insurable as set forth in the Application.

51. Decedent failed to satisfy the conditions precedent for coverage to be effective under the Life Policies.

52. Symetra has no adequate remedy at law, and therefore seeks that the terms and

provisions of the Life Policies pertaining to the conditions precedent to the effectiveness of coverage be specifically enforced.

WHEREFORE, Symetra demands judgment against the Trust for relief more particularly described as follows:

(a) an order specifically enforcing the conditions precedent to the effectiveness of coverage under and pursuant to the Life Policies bearing policy nos. AA6120468 and AA6114869; and

(b) an order declaring and adjudging that the Life Policies bearing policy nos. AA6120468 and AA6114869 was and is not effective, and is null and void and of no force and effect; and

(c) an order awarding pre-judgment interest, post-judgment interest, costs of suit, reasonable attorney fees and such other relief as the Court deems equitable and just.

## FIFTH COUNT

53. Symetra repeats and realleges the allegations contained in paragraphs 1 through 52 of the complaint as if set forth herein at length.

54. Decedent was at all times relevant to the execution and submission of the Application seeking the issuance of the Life Policies under a duty of honesty, good faith and fair dealing to immediately and forthwith advise Symetra of any material change in his insurability from that represented in the Application which may occur any time prior to the issuance, delivery and acceptance of the Life Policies and payment of the first modal premium.

55. Decedent intentionally, willfully, and/or negligently failed, refused and/or neglected to disclose, inform or otherwise advise Symetra that his insurability materially changed from that represented on the Application prior to the issuance, delivery and acceptance

of the Life Policies and payment of the first modal premium.

56. As a direct and proximate result of Decedent's breach of the duties of honesty, good faith and fair dealing, Symetra issued the Life Policies, and has otherwise sustained damages.

57. Symetra has no adequate remedy at law, and therefore, seeks that the Life Policies be declared null and void and rescinded, *ab initio*.

58. In the alternative, Symetra has no adequate remedy at law, and therefore seeks that the terms and provisions of the Life Policies pertaining to the conditions precedent to the effectiveness of coverage be specifically enforced.

WHEREFORE, Symetra demands judgment against the Trust for relief more particularly described as follows:

(a) an order specifically enforcing the conditions precedent to the effectiveness of coverage under and pursuant to the Life Policies bearing policy nos. AA6120468 and AA6114869; and

(b) an order declaring and adjudging that the Life Policies bearing policy nos. AA6120468 and AA6114869 was and is not effective given the material change in Decedent's insurability from that represented and stated in the Application thereby rendering the Life Policies of life insurance null and void and of no force and effect; and

(c) an order declaring and adjudging the Life Policies bearing policy nos. AA6120468 and AA6114869 to be null and void and rescinded, ab initio; and

(d)     an order awarding pre-judgment interest, post-judgment interest, costs of suit, reasonable attorney fees and such other relief as the Court deems equitable and just.

Dated:  August 2, 2018

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Plaintiff,
Symetra Life Insurance Company

By: _____
Randi F. Knepper, Esq.

3635674_1