Eugene Killian, Jr.
THE KILLIAN FIRM, P.C.
555 Route 1 South, Suite 430
Iselin, NJ  08830
732-912-2100
ekillian@tkfpc.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYMETRA LIFE INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>vs.<br><br>JJK 2016 INSURANCE TRUST,<br><br>*Defendant.* | Civil Action No. 18-cv-12350 (MAS) (DEA)<br><br><br><br>**ANSWER AND COUNTERCLAIM, WITH JURY DEMAND** |

Defendant, JJK 2016 Insurance Trust (the "Trust"), a New Jersey trust with its principal place of business at One Lowenstein Drive, Roseland NJ  07068, for its Answer and Counterclaim against Plaintiff, Symetra Life Insurance Company ("Symetra"), states as follows:

### INTRODUCTION

1. The Trust is without knowledge or information sufficient to form a belief as to the truth of these allegations.

2. Denied, except admitted that this paragraph contains Symetra's unilateral description of the action that it has filed.

### THE PARTIES

3. The Trust is without knowledge or information sufficient to form a belief as to the truth of these allegations.

1

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. The Trust is without knowledge or information sufficient to form a belief as to the truth of these allegations.

7. Admitted.

8. The Trust is without knowledge or information sufficient to form a belief as to the truth of these allegations, except admits that "the amount in controversy exceeds $75,000.00, exclusive of interest and costs of suit."

9. Admitted.

## FACTUAL BACKGROUND

**Application for and Issuance of the Policies of Life Insurance**

10. The allegations in paragraph 10 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

11. The allegations in paragraph 11 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

12. The Trust is without knowledge or information sufficient to form a belief as to the truth of these allegations.

13. The allegations in paragraph 13 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

14. The allegations in paragraph 14 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents and notes that on or about August 9, 2016, Symetra waived the requirement of a supplemental health statement from Decedent.

15. The allegations in paragraph 15 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

16. The allegations in paragraph 16 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

17. The allegations in paragraph 17 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents and notes that on or about August 9, 2016, Symetra waived the requirement of a supplemental health statement from Decedent.

18. The allegations in paragraph 18 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

19. The allegations in paragraph 19 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents, and is without knowledge

or information sufficient to form a belief as to what Symetra may have relied upon in selling the Policies.

20. The allegations in paragraph 20 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents, including but not limited to that the Life Policies were "reissued."

21. The allegations in paragraph 21 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

22. The allegations in paragraph 22 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

23. The allegations in paragraph 23 refer to documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

24. Admitted.

25. Denied.

26. Denied, and stated that Decedent did not believe, before August 9, 2016 at the earliest, that he had been "treated, or been advised to be treated, by a member of the medical profession" for "[c]ancer, lymphoma, leukemia, melanoma, cysts or tumor of any kind, malignant or benign"; nor did he believe that he had had "any surgery or admission to health care facility for treatment or observation for any illness, disease or accident," other than as had been disclosed to Symetra, either by Decedent or through his primary

care physicians; nor did he believe that he had "consulted, or been examined by or treated by any physician, chiropractor, psychologist or other healthcare practitioner or by any hospital, clinic, or other healthcare facility not already disclosed" on his application, or through his primary care physicians in connection with his application. The Trust further states that Decedent disclosed numerous serious health conditions on the application that did not cause Symetra to decline coverage, even though it was virtually certain that the premiums paid would not be greater than the benefits payable to the Trust upon death, given Decedent's age and life expectancy.

27. Denied, and stated that Decedent did not believe, before August 9, 2016 at the earliest, that he had been diagnosed with "lung and kidney cysts."

28. The allegations in paragraph 28 refer to a document or documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the allegations are denied, and, in addition, the Trust denies any characterization inconsistent with the documents.

29. Denied, except admitted that the Decedent was examined after a Comprehensive Preventative Medical Exam on or about August 9, 2016.

30. Admitted, except stated that Hodgkin's Lymphoma was misdiagnosed.

31. Admitted, except stated that Hodgkin's Lymphoma was misdiagnosed.

32. Admitted.

33. The Trust is without knowledge or information sufficient to form a belief as to the truth of these allegations, except states that on or about August 9, 2016, Symetra waived the requirement of a supplemental health statement from Decedent, in writing.

34. The allegations in paragraph 34 refer to a document or documents that speak for themselves, and therefore no response is required. To the extent that a response is required, the Trust denies any characterization inconsistent with the documents.

35. Denied.

36. Denied.

## FIRST COUNT

37. The Trust repeats its responses to such allegations.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

WHEREFORE, the Trust requests dismissal of the First Count, with prejudice, together with costs of suit and any other relief that the Court deems appropriate.

## SECOND COUNT

42. The Trust repeats its responses to such allegations.

43. Denied.

44. Denied.

WHEREFORE, the Trust requests dismissal of the Second Count, with prejudice, together with costs of suit and any other relief that the Court deems appropriate.

## THIRD COUNT

45. The Trust repeats its responses to such allegations.

46. Denied.

47. Denied.

WHEREFORE, the Trust requests dismissal of the Third Count, with prejudice, together with costs of suit and any other relief that the Court deems appropriate.

## **FOURTH COUNT**

48. The Trust repeats its responses to such allegations.

49. Admitted.

50. Denied, and stated that on or about August 9, 2016, Symetra waived the requirement of a supplemental health statement from Decedent, in writing.

51. Denied.

52. Denied.

WHEREFORE, the Trust requests dismissal of the Fourth Count, with prejudice, together with costs of suit and any other relief that the Court deems appropriate.

## **FIFTH COUNT**

53. The Trust repeats its responses to such allegations.

54. Admitted, except stated that on or about August 9, 2016, Symetra waived the requirement of a supplemental health statement from Decedent, in writing.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

WHEREFORE, the Trust requests dismissal of the Fifth Count, with prejudice, together with costs of suit and any other relief that the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1. The Trust invokes the doctrine of unclean hands, to the extent that Symetra has acted in a dishonest or fraudulent manner with respect to the dispute at issue in this case, such as by misrepresenting to Decedent that no further health information was needed in connection with the Policies.

2. The Complaint may be barred by the doctrines of estoppel, equitable estoppel, or waiver, to the extent, for example, that Symetra failed to follow, or neglected to follow, its own underwriting guidelines.

3. Symetra is not entitled to reimbursement of attorneys' fees because the Policy did not include such a provision, and there is no law that otherwise allows the award of such fees.

4. The Trust invokes the doctrine of laches, to the extent that Symetra waited too long to raise the issues referred to in the Complaint, making it difficult or impossible for the Trust to obtain witnesses or evidence, or to the extent that evidence necessary to provide for the Trust's defense has been lost or destroyed.

5. Symetra's alleged damages or injury are the result of acts or omissions committed by non-parties to this action over whom the Trust has no responsibility or control.

6. Symetra's alleged damages are the result of acts or omissions committed by Symetra itself.

7. The granting of Symetra's demand in the Complaint would result in unjust enrichment, to the extent that Symetra received the time value of the Trust's or Decedent's money for an extended period of time.

8. To the extent that Symetra was not aware of, or did not focus upon, the Princeton Longevity Center records at the point of sale of the Policy, and to the extent that Symetra

would have sold the Policies irrespective of such records, Symetra has waived its defenses under the Policies.

9. The Trust reserves the right to amend and/or add additional Answers, Defenses and/or Counterclaims at a later date.

## COUNTERCLAIM

1. In August 2016, for substantial premiums in excess of $1 million, Symetra sold to Decedent two flexible premium adjustable life insurance policies, numbered AA6120468 (benefit amount $10 million) and AA6114869 (benefit amount $15 million).[1]

2. At the time Symetra sold the Policies, Decedent was 64 years old and had disclosed numerous serious health conditions to Symetra.

3. On or about February 7, 2018, Decedent passed away as the result of Lymphatoid Granulomatosis Stage 3, an exceedingly rare disease associated with the Epstein-Barr virus.

4. At the time of Decedent's passing, Symetra was contractually obligated, under the terms and conditions of the Policies, to make payment in the amount of $25 million to the Trust.

5. Approximately one year and six months before Decedent's passing, following an extensive underwriting process, in which Decedent was examined by medical personnel assigned by Symetra, and all records of Decedent's primary care physicians were provided to Symetra, Symetra sold the Policies to Decedent and collected substantial premiums, after having waived any further medical review, in writing.

---

[1] The "Policies."

6. Decedent had disclosed numerous serious health conditions on his application, including diabetes, hypertension and certain neurological disorders.

7. Symetra denied coverage for the loss 6 months after the date of Decedent's passing, ostensibly on the ground that Decedent had been aware of certain medical conditions such as cysts and tumors that had not been disclosed on his application for the Policies. Decedent was aware of no such conditions, except possibly for common "nodules" that were not required to be disclosed on the application, at the time the Polices were sold.

8. Upon information and belief, Symetra waived or failed to follow its standard underwriting guidelines with respect to Decedent, and is now engaging in unlawful "post-loss underwriting" in an effort to avoid responsibility for a valid claim.

9. Symetra's conduct constitutes a breach of contract, as a result of which the Trust, which has the responsibility of distributing benefits under the Policy to Decedent's teenaged children, has been damaged.

WHEREFORE, the Trust requests the entry of judgment on this Counterclaim against Symetra, for compensatory damages; attorneys' fees to the extent permitted by law or contract; interest and costs of suit; and any other relief that the Court deems appropriate.

### JURY DEMAND

The Trust demands trial by jury on all issues in this case that are so triable as of right.

Dated: September 28, 2018

**THE KILLIAN FIRM, P.C.**
*Attorneys for Defendant*

By: _____
EUGENE KILLIAN, JR.

## **RULE 11.2 DECLARATION**

EUGENE KILLIAN, JR., of full age, declares as follows:

1. I have been a member in good standing of the Bar of the State of New Jersey and of the bar of this Court since 1990. I am the Principal Member of The Killian Firm, P. C., the attorneys for defendant in this action.

2. To the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding; *except that* defendant reserves its right to file a claim or claims against certain insurance brokers or other responsible third parties, after discovery takes place and defendant has a fair opportunity to review plaintiff's files.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 28, 2018

_____
EUGENE KILLIAN, JR.