LYDECKER DIAZ
Robert J. Pariser, Esq. – 030112001
Joseph Ross, Esq. –  090042014
One Evertrust Plaza, Suite 701
Jersey City, NJ  07302
Telephone: (201) 676-7692
Facsimile: (201) 676-7693
rjp@lydeckerdiaz.com
jr@lydeckerdiaz.com
*Attorneys for Third-Party Defendants Northeast Brokerage Inc. and Michael Costello*

| | |
|---|---|
| SYMETRA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JJK 2016 INSURANCE TRUST, MICHAEL LERNER, AS TRUSTEE OF THE JJK 2016 INSURANCE TRUST, JOHN KELLY AND PATRIOT BENEFIT SOLUTIONS INSURANCE AGENCY,<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION  NO.: 18-CV-12350 (MAS)(ZNQ)<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS TO THIRD-PARTY COMPLAINT OF JJK 2016 INSURANCE TRUST AND MICHAEL LERNER, AS TRUSTEE OF THE JJK 2016 INSURANCE TRUST** |
| JOHN KELLY AND PATRIOT BENEFIT SOLUTIONS INSURANCE AGENCY,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>NORTHEAST BROKERAGE INC. AND MICHAEL COSTELLO<br><br>Third-Party Defendants. | |
| JJK 2016 INSURANCE TRUST AND MICHAEL LENRER, AS TRUSTEE OF THE JJK 2016 INSURANCE TRUST,<br><br>Third-Party Plaintiffs, | |

Page 1 of 8

v.

NORTHEAST BROKERAGE INC. AND
MICHAEL COSTELLO

Third-Party Defendants.

Defendants Northeast Brokerage Inc. ("NBI") and Michael Costello ("Costello", collectively "NBI Defendants"), for their Answer and Affirmative Defenses against Third-Party Plaintiff JJK 2016 Insurance Trust, and Michael Lerner, as Trustee of the JJK 2016 Insurance Trust, state as follows:

## THE PARTIES

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.

## JURISDICTION AND VENUE

7. Admitted.
8. Admitted.
9. Denied to the extent that "the events or omissions giving rise to the claim" are allegations only, and Third-Party Plaintiff must prove them. Admitted in all other respects.

## **CLAIM FOR RELIEF**

10. Admitted to the extent that the NBI Defendants assisted in procuring the policies. Denied to the extent that "communicated with the Trust's representatives with respect to same" fails to specify with which agents the Third-Party Plaintiffs allege the NBI Defendants communicated.

11. The allegation in paragraph 11 of the Third-Party Complaint is a conclusion of law to which no response is required. To the extent a response is deemed required, the NBI Defendants deny the allegation and leave the Third-Party Plaintiffs to their proofs.

12. The allegation in paragraph 12 of the Third-Party Complaint is a conclusion of law to which no response is required. To the extent a response is deemed required, the NBI Defendants deny the allegation and leave the Third-Party Plaintiffs to their proofs.

13. Admitted.

14. The allegation in paragraph 14 of the Third-Party Complaint rquires no response because it refers to a document which speaks for itself. If said allegation is deemed to require a response, it is admitted to the extent that Symetra waived the requirement of a Supplemental Health Statement on or about August 9, 2016 and that waiver stated no conditions whatsoever. With regard to the remainder of the allegation, the NBI Defendants lack knowledge and information sufficient to form a belief as to the truth of the matter asserted, and leave the Third-Party Plaintiffs to their proofs.

15. The allegations in paragraph 15 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in paragraph 15 of the Third-Party Complaint is denied and Third-Party Plaintiffs are left to their proofs.

16. The allegations in paragraph 16 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in paragraph 16 of the Third-Party Complaint is denied and Third-Party Plaintiffs are left to their proofs.

WHEREFORE, the NBI Defendants request the entry of judgment in their favor on this count as follows:

A. Dismissing the Third-Party Complaint as to NBI and Costello, with prejudice.
B. Interest and costs of suit.
C. Such other relief as the Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

1. The Third-Party Complaint fails to state a claim for which relief may be granted.
2. The Third-Party Complaint is conditional on a finding which has not yet been made regarding the waiver of the Supplemental Health State and further medical underwriting by Symetra, making the allegations mere hypotheticals and therefore unripe.

3. The Third-Party Complaint is barred by the doctrines of waiver, estoppel, and equitable estoppel.

4. Third-Party Plaintiffs are not entitled to attorneys' fees because no applicable law allows such an award.

5. Third-Party Plaintiffs' alleged damages are the result of acts or omissions committed by Third-Party Plaintiffs themselves.

6. Third-Party Plaintiffs' alleged damages are the result of acts or omissions committed by third parties over whom NBI Defendants have no control, including but not limited to the other parties to this matter.

7. Third-Party Plaintiff Michael Lerner fails to state a claim on which relief may be granted to the extent that there is no privity between Mr. Lerner and NBI Defendants.

8. NBI Defendants are entitled to and hereby demand an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27, et seq.

9. Third-Party Plaintiffs' damages, if any, derive from Plaintiff Symetra's alleged damages, which resulted solely from Symetra's own conduct, including but not limited to Symetra's decision to affirmatively waive in writing the requirement for a supplemental health statement.

10. Third-Party Complaint is barred as being well beyond the last date on which the Court indicated it would accept the addition further parties, given that NBI Defendants were known to Third-Party Plaintiffs well before that deadline.

11. NBI Defendants reserve the right to amend and/or add additional Answers, Defenses, Cross-Claims and/or Counterclaims at a later date.

## CROSS-CLAIM FOR CONTRIBUTION

NBI Defendants allege that in the event of a judgment against it and in favor of the Third-Party Plaintiffs, it will be entitled to judgement in its favor and against Co-Defendants, Cop-Third-Party Defendants, and any co-defendants hereafter to be named, for their pro-rata contribution pursuant to the provisions of Joint Tortfeasors Contribution Act and the New Jersey Comparative Negligence Act

## CROSS-CLAIM FOR INDEMNITY

NBI Defendants hereby demand judgment against Third-Party Plaintiffs currently named and hereinafter named for common law indemnification for any sum which NBI Defendants become liable pursuant to the laws of New Jersey, since such liability can only be premised upon a finding of vicarious or passive negligence or on the status of NBI Defendants.

## DENIAL OF CROSS-CLAIMS

Defendant specifically denies any cross-claims that have been or might be advanced against it and leaves the proponents of said claims to their proofs.

## Jury Demand

NBI Defendants demand a trial by jury on all issues in this case that are so triable as of right.

**LYDECKER DIAZ**
*Attorneys for Third-Party Defendants*
*Northeast Brokerage Inc. and Michael*
*Costello*

                                      By: */s/ Joseph Ross*
                                             Robert J. Pariser, Esq.
                                             Joseph Ross, Esq.

Dated: July 9, 2020

## **RULE 11.2 DECLARATION**

JOSEPH ROSS, of full age, declares as follows:

1. I have been a member in good standing of the Bar of the State of New Jersey since 2014, and the bar of this Court since 2018.

2. To the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 9, 2020.

                                             */s/ Joseph Ross*
                                             JOSEPH ROSS

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, I caused a true and correct copy of the Answer, Affirmative Defenses and Cross-Claims of Third-Party Defendants Northeast Brokerage Inc. and Michael Costello to the Third-Party Complaint by JJK 2016 Insurance Trust and Michael Lerner, as Trustee to the JJK 2016 Insurance Trust, to be served on all counsel of record via the Court's electronic filing and notification system.

        **LYDECKER DIAZ**
        *Attorneys for Third-Party Defendants*
        *Northeast Brokerage Inc. and Michael*
        *Costello*

    By:   */s/ Joseph Ross*
           Robert J. Pariser, Esq.
           Joseph Ross, Esq.

Dated: July 9, 2020