Christopher P. Leise, Esquire
**WHITE AND WILLIAMS LLP**
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
Phone: 856.317.3600
leisec@whiteandwilliams.com
Attorneys for Defendants/Third-Party Plaintiffs,
John Kelley and Patriot Benefit Solutions Insurance Agency

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYMETRA LIFE INSURANCE COMPANY, *Plaintiff,* v. JJK 2016 INSURANCE TRUST, MICHAEL LERNER, AS TRUSTEE OF THE JJK 2016 INSURANCE TRUST, JOHN KELLEY AND PATRIOT BENEFIT SOLUTIONS INSURANCE AGENCY, *Defendants.* | CIVIL ACTION<br><br>18-CV-12350 (MAS)(ZNQ)<br><br><br><br>**AFFIDAVIT OF MERIT OF THOMAS B. AHART, CPCU ON BEHALF OF JOHN KELLEY AND PATRIOT BENEFIT SOLUTIONS INSURANCE AGENCY** |
| JOHN KELLEY AND PATRIOT BENEFIT SOLUTIONS INSURANCE AGENCY, *Third-Party Plaintiffs,* v. MICHAEL J. COSTELLO AND NORTHEAST BROKERAGE, INC., *Third-Party Defendants.* | |

25162706v.1

This Affidavit of Merit is made by Thomas B. Ahart, CPCU, AAI of Ahart, Frinzi & Smith, at the request of Defendants/Third-Party Plaintiffs John Kelley and Patriot Benefit Solutions Insurance Agency.

Thomas B. Ahart, of full age, being duly sworn, upon his oath, according to law, deposes and says:

1. I am a licensed New Jersey Insurance Producer with Authorities in Property/Casualty and Life/Health Lines.

2. I am the holder of the Chartered Property Casualty Underwriter designation ("CPCU"), and the Accredited Adviser in Insurance designation ("AAI") both widely recognized professional insurance designations.

3. I have been active in the insurance business in excess of thirty (30) years and am familiar with the types of insurance, including life insurance, that are the subject matter of this case.

4. I have instructed state-approved courses for Continuing Insurance Education in New Jersey as well as life insurance material included in both the Chartered Property Casualty Underwriter designation program (CPCU), and the Accredited Advisor in Insurance designation program (AAI).

5. I have reviewed the following documents:

- Amended Complaint filed by plaintiff Symetra Life Insurance Company (Symetra);

- Declaration of Merit by Paul Amoruso on behalf of JJK Trust;

- Answer, Cross-Claim, Counterclaims, and Third-Party Complaint filed by Defendants JJK 2016 Insurance Trust, Michael Lerner, as Trustee of the Defendants JJK 2016 Insurance Trust (collectively referred to as "Trust");

- Answer, Affirmative Defenses, Crossclaims, Counterclaim, Third-Party Complaint and Jury Demand of Defendants John Kelley and Patriot Benefit Solutions Insurance Agency (collectively referred to as "Patriot") to Plaintiff's Amended Complaint;

- Answer, Affirmative Defenses and Cross-Claims of Third-Party Defendants Northeast Brokerage Inc. and Michael Costello (collectively referred to as "NBI") in response to the Third-Party Complaint of John Kelly and Patriot Benefit Solutions Insurance Agency; and

- Additional documents, including a sales agreement between Symetra and Patriot.

6. The Amended Complaint of Symetra seeks to have two life insurance policies insuring the life of Joseph J. Krivulka (deceased), declared null and void and rescinded because Krivulka and the Trustee allegedly made material misstatements and omissions in applying for the life policies in question.

7. The Complaint by Symetra also alleges that the Trust, the Trustee and Kelley engaged in a pattern of insurance fraud and failed to disclose material information in violation of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1, et seq.

8. The Complaint by Symetra also brings an action against Kelley and Patriot seeking reimbursement of commissions paid by Kelley.

9. Based on my review of the documents, retail insurance producer Patriot entered into an agreement with Symetra whereby Symetra expressly provided and required Patriot to associate with an "Agency" licensed to sell life insurance and appointed by Symetra. NBI agreed to, and did, serve as the Agency that Patriot associated with under the agreement with Symetra for purposes of securing life insurance for Krivulka/Trust.

10. Patriot looked to and relied upon the expertise of NBI in the application process in order to procure individual life insurance policies for Krivulka/Trust. NBI knew that Patriot was relying upon its specialized knowledge as an agent for Symetra. NBI owed Patriot a duty to act

as an insurance intermediary of reasonable skill and diligence when it assisted Patriot in applying for and placing life insurance for Krivulka and the Trust.

11. Patriot submitted life applications for Krivulka and the Trust to NBI which identified Symetra as a suitable life insurance company for the life policies.

12. NBI conducted underwriting in connection with the efforts to procure life insurance coverage for Krivulka and the Trust. This included collecting medical records for Krivulka, scheduling and obtaining the results of a paramedic exam and sharing the NBI underwriting file on Krivulka with Symetra.

13. On August 9, 2016, Symetra approved the issuance of two life insurance policies for Krivulka, one having a $10 million death benefit and a second having a $15 million death benefit (collectively referred to as "Policies").

14. NBI requested that Symetra waive the requirement that Krivulka and/or the Trust submit a Supplemental Health Statement associated with the Policies, which is a form that is used in life insurance practice to provide disclosures of any change in health conditions which are called for in an application, other document or otherwise.

15. On August 9, 2016, Symetra agreed in writing to unconditionally waive the requirement of a Supplemental Health Statement from Krivulka and the Trust. Symetra's agent NBI's guidance and advice included the communication that the waiver provided by Symetra established that no additional medical information or disclosure was required beginning August 9, 2016. Therefore, should Symetra succeed in its contention that the Symetra waiver was ineffective, there is a reasonable probability that the care, skill and/or knowledge of NBI and/or its employees, exhibited in the work that is the subject of the Amended Complaint and Patriot's

Third-Party Complaint, fell outside the acceptable professional standards of practice of a licensed insurance producer.

16. Representatives of Krivulka let Patriot know that a wellness visit was scheduled and Patriot shared that information with Symetra's agent, NBI. Should Symetra successfully argue that a scheduled wellness visit should have been disclosed to Symetra, in my opinion there is a reasonable probability that the care, skill and/or knowledge of NBI and/or its employees, exhibited in the work that is the subject of the Amended Complaint and Patriot's Third-Party Complaint, fell outside the acceptable professional standards of practice of a licensed insurance producer and/or broker.

17. I have no financial interest in the outcome of this case.

18. I make this affidavit pursuant to the requirements of N.J.S.A. 2A:53A-26-29. This affidavit is not intended to represent a full and final opinion regarding all deviations by NBI and/or its employees from the appropriate standard of care.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Thomas B. Ahart, CPCU

Sworn and Subscribed to before
me this day of August 25, 2020
_____

Melissa M. LeMar
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 2398549
MY COMMISSION EXPIRES July 23, 2025

-5-

25162706v.1